UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4683

TREVOR HUIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
David A. Faber, District Judge.
(CR-99-9)

Submitted: January 28, 2000

Decided: March 21, 2000

Before WILKINS and TRAXLER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Brian J. Kornbrath, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, John L. File, Assistant
United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Trevor Huie, a federal inmate, was convicted pursuant to his guilty plea of assaulting a correctional officer in violation of 18 U.S.C. § 111(a)(1), (b) (1994). On appeal, he alleges that the district court erred by increasing his base offense level by two levels for more than minimal planning under USSG § 2A2.2(b)(1). [1] Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Officer Marsh was sitting at his desk on the evening of December 24, 1998. As he stood up to let a group of prisoners in from the recreation yard, Huie struck him from behind. Huie continued to strike Officer Marsh repeatedly with his hands and knees, causing significant injuries.

Huie admitted that he attacked Officer Marsh because he wanted a disciplinary transfer to another facility. Huie planned the assault for a time when there would only be one officer on duty and no other officers nearby. This way, the length of the attack could be prolonged, thereby increasing Huie's chances of obtaining a transfer. Huie further admitted that he communicated his plan to a friend during a telephone conversation earlier in the day. Finally, just prior to the attack, Huie went to his cell to put a mouthpiece in his mouth and to put on weightlifting gloves and steel-toed boots.[2]

We review the district court's determination that Huie's actions constituted more than minimal planning for clear error and find none. See United States v. Pearce, 65 F.3d 22, 26 (4th Cir. 1995). As

_____

[1] **U.S. Sentencing Guidelines Manual** (1998).
[2] Huie claimed that he put the boots on to keep his feet warm when officers escorted him across the compound after the assault; not to serve as a weapon during the attack.

applied to the facts of this case, the phrase "more than minimal planning" is defined as "more planning than is typical for commission of the offense in a simple form." USSG § 1B1.1, comment. (n.1(f)). We find that this was not a "spur of the moment" assault, as one might expect following a verbal altercation.[3] Rather, the record supports the district court's conclusion that this was a carefully planned attack.

Huie wore a mouthpiece to protect himself from any blows from Officer Marsh or other officers coming to his rescue, boots to protect himself from the cold after the assault, and gloves to protect his hands and/or to minimize the injuries to Officer Marsh. [4] These actions combined with the information concerning Huie's motive for the assault and the telephone conversation earlier in the day strongly suggest that Huie formulated his plan well in advance of its execution. He did not merely take advantage of an opportunity that presented itself at the last minute.

Accordingly, we affirm Huie's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

_____

[3] **See United States v. Foster**, 898 F.2d 25, 27 (4th Cir. 1990).
[4] There was some disagreement as to the purpose behind the gloves.

3